```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
OMAR SANTIAGO,                                                       :
                                                                     :    **MEMORANDUM AND ORDER**
                        Plaintiff,                                   :
                                                                     :    09-CV-1383 (DLI)(RML)
              -against-                                              :
                                                                     :
BRIAN FISCHER, in his capacity as Commissioner of                    :
the New York State Department of Correctional                        :
Services (DOCS), and in his individual capacity;                     :
ANTHONY J. ANNUCCI, in his capacity as Deputy                        :
Commissioner and Counsel for DOCS, and in his                        :
individual capacity; LUCIEN J. LECLAIRE, JR.,                        :
former Acting Commissioner of DOCS, in his                           :
individual and official capacities; GLENN S. GOORD,                  :
former Commissioner of DOCS, in his individual and                   :
official capacities; and JOHN/JANE DOES 1–50                         :
(DOCS Supervisory, Training, and Policy Personnel),                  :
in their individual and official capacities,                         :
                                                                     :
                        Defendants.                                  :
-------------------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Omar Santiago brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming that defendants violated his constitutional rights under the Fourteenth Amendment. Plaintiff also asserts a supplemental state law claim for false arrest/imprisonment.[1] Defendants move to dismiss the action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons set forth below, the 12(b)(1) motion is granted, but only with respect to the defendants in their official capacities. Defendants' 12(b)(6) motion is granted with respect to the state law false arrest claim in its entirety, and granted with respect to the § 1983 claim as to defendants LeClaire and Goord. As to the remaining defendants, the 12(b)(6) motion is denied.

---

[1] The court will treat this as a single claim, and use "arrest" and "imprisonment" interchangeably. *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.").

## I. Background

On October 30, 2001, plaintiff was convicted of Assault in the Second Degree in the Kings County Supreme Court. (Def.'s Decl. Supp. Mot. Dismiss, Ex. B.) He was sentenced as a second felony offender to a determinate prison term of three years. (*Id.*) Although not imposed by the court at sentencing, plaintiff was also given a five-year term of post-release supervision ("PRS") upon his release from prison on April 6, 2004. (Compl. at 5.) This sentence was administratively imposed by the New York State Department of Correctional Services ("DOCS") pursuant to N.Y. Penal Law § 70.45 as it existed at that time.[2]

On June 9, 2006, the Second Circuit Court of Appeals held that it is unconstitutional for DOCS to administratively impose PRS as that duty belongs only to the courts. *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty."). On April 29, 2008, the New York State Court of Appeals likewise struck down administratively-imposed PRS as a matter of state law in two cases. *See People v. Sparber*, 10 N.Y.3d 457, 470 (2008) ("sentencing is a uniquely judicial responsibility"); *Garner v. New York State Dep't of Correctional Services*, 10 N.Y.3d 358, 362 (2008) ("DOCS's imposition of the PRS term contravenes the CPL's express mandate that sentencing is a judicial function"). The Court of Appeals noted that the PRS improperly imposed by DOCS could be remedied through resentencing by the court. *See Garner*, 10 N.Y.3d at 363 n.4; *see also Earley v. Murray*, 2007 WL 1288031, at *2 (E.D.N.Y. May 1, 2007) (applying same resentencing remedy in district court on remand from Second Circuit). The New York legislature codified this resentencing remedy with the passage of

---

[2] (Mot. Dismiss at 2.) N.Y. Penal Law § 70.45 stated, in relevant part, that "[e]ach determinate sentence also includes, as a part thereof, an additional period of post-release supervision." It should be noted, however, that nothing in that statute specifically provided that PRS could be imposed by anyone other than the sentencing judge.

2

Correction Law § 601-d and Penal Law § 70.85, effective June 30, 2008. *See Nazario v. State*, 24 Misc. 3d 443, 447–48 (N.Y. Ct. Cl. 2009) (providing legislative history).

On or about September 5, 2008, plaintiff was arrested and charged with violating the terms of his PRS, which, as imposed by the DOCS, was still in effect.[3] While he was imprisoned, plaintiff's case was returned to the original trial court for resentencing pursuant to *Sparber* and Correction Law § 601-d. Over the objection of the New York State Division of Parole (*see* Def.'s Decl. Supp. Mot. Dismiss, Ex. C), the Kings County Supreme Court declined to impose PRS on plaintiff, "in the interests of justice and equity." (*Id.*, Ex. D.) Plaintiff was then released pursuant to a writ of habeas corpus on December 8, 2008.[4] Following his release, plaintiff brought the instant action against defendants in their individual and official capacities, claiming that their collective conduct in "implementing, promulgating, enforcing, and/or effectuating" the policy of administratively-imposed, extra-judicial PRS violated his Fourteenth Amendment rights, and further constituted common-law false arrest. (Compl. at 7–8.)

Defendants move to dismiss on a number of grounds. First, they argue that the entire action is barred by the Eleventh Amendment, and therefore must be dismissed for lack of subject matter jurisdiction. (Mot. Dismiss at 21.) Second, defendants contend that plaintiff's claims are barred by the respective statutes of limitation. (*Id.* at 3.) Third, defendants claim that they are entitled to qualified immunity, "as . . . PRS was mandated by state law and was believed until recently by courts statewide to apply automatically by operation of law." (*Id.*) Finally, defendants argue that plaintiff has failed to state a claim for either cause of action. (*Id.* at 20, 22.)

---

[3] (Compl. at 5.) The record does not indicate how plaintiff was alleged to have violated the terms of his PRS.

[4] (Compl. at 5.) Neither the petition nor the writ itself was provided in the record, nor does it appear from the record that defendants appealed from the granting of the writ.

II. **Discussion**

A. **Eleventh Amendment**

It is well settled that the Eleventh Amendment's grant of immunity to the states extends to claims for damages against state officials sued in their official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). While prospective relief is not similarly barred (*see Ex Parte Young*, 209 U.S. 123 (1908)), plaintiff requests only damages in the instant complaint. (Compl. at 2.) Thus, his claims against defendants in their official capacities are barred by the Eleventh Amendment. *See Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) (upholding 12(b)(1) dismissal of claims against state officials due to Eleventh Amendment); *see also Krebs v. New York State Div. of Parole*, 2009 WL 2567779, at *5 (N.D.N.Y. Aug. 17, 2009) (dismissing § 1983 claim on same grounds). Accordingly, the subsequent analysis applies only to the claims against defendants in their *individual* capacities, as the claims against them in their *official* capacities are dismissed.

B. **Statutes of Limitation**

Although neither party addressed this issue in their respective memoranda of law, the two claims that together make up plaintiff's lawsuit require analyses of different statutes of limitation. Plaintiff's first claim is made pursuant to § 1983, with federal jurisdiction predicated upon 28 U.S.C. § 1331. (Compl. at 7.) Plaintiff's second claim, for false arrest, is not brought pursuant to § 1983, but is instead a state cause of action. (*See id.* at 8.) This distinction factors into both the statutes of limitation periods, and the claims' accrual dates, as discussed below.

1. **Section 1983 Claim**

Because there is no federal statute of limitations for § 1983 claims, courts must apply the state limitations period. *See* 42 U.S.C.A. § 1988(a) (2003); *Shomo v. City of New York*, 579 F.3d

176, 181 (2d Cir. 2009); MARTIN A. SCHWARTZ & KATHRYN R. URBONYA, SECTION 1983 LITIGATION 167 (2d ed. 2008). In New York, the statute of limitations for § 1983 actions is generally three years. *Lynch v. Suffolk County Police Dep't Inc.*, 2009 WL 3287565, at \*2 (2d Cir. Oct. 14, 2009). In determining the date of accrual, federal law applies. *See Rene v. Jablonski*, 2009 WL 2524865, at \*5 (E.D.N.Y. Aug. 17, 2009) (citing *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003)). "Section 1983 claims generally accrue when the plaintiff knows or has reason to know of the injury, which is the basis of her claim." SCHWARTZ & URBONYA at 168–69 (citations omitted); *see Rene*, 2009 WL 2524865, at \*5. However, a § 1983 claim "for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

Plaintiff contends that under *Heck*, the correct accrual date is November 24, 2008, the date his PRS sentence was "invalidated" by the Kings County Supreme Court. (Pl.'s Dec. Opp'n at 3.) Defendants counter that plaintiff's PRS was not "invalidated," because the Kings County Supreme Court merely declined to impose PRS on resentencing. (*See* Def.'s Decl. Supp. Mot. Dismiss, Ex. D.) Defendants further contend that *Heck* is inapplicable because plaintiff is "challenging the *procedure* used by [the] DOCS to modify his sentence," as opposed to the constitutionality of the sentence itself. (Def.'s Reply Supp. Mot. to Dismiss at 1 (emphasis added).) Therefore, defendants argue, plaintiff's claim accrued on April 6, 2004, the date PRS was imposed, and became time-barred on April 6, 2007, prior to the filing of this action. (*See id.* at 2.)

These arguments are unavailing. Defendants are technically correct that the Kings County Supreme Court did not itself hold plaintiff's original sentence to be unconstitutional when

5

declining to impose PRS during resentencing. (*See* Def.'s Decl. Supp. Mot. Dismiss, Ex. D.) However, the only reason plaintiff was being resentenced was that the practice of administratively-imposed PRS had been struck down by the Second Circuit and the New York State Court of Appeals. *See Earley*, 451 F.3d at 75; *Sparber*, 10 N.Y.3d at 469–70. Indeed, a federal court in this circuit recently rejected an identical argument, and tolled a § 1983 claim, in accordance with *Heck*, until the date of the plaintiff's habeas relief. *See Scott v. Fischer*, 2009 WL 928195, at *4 (S.D.N.Y. Mar. 30, 2009) ("the argument that the . . . statute of limitations bars this action is . . . strained. Defendants argue that the [accrual date] should be . . . the first instance that plaintiff learned of her mandatory PRS, namely 2002. However, in 2002, plaintiff was under no obligation to bring a habeas petition to vacate her PRS."). This court adopts the same reasoning. Although the record does not indicate when plaintiff's habeas petition was granted, it occurred sometime between September 5, 2008 (the date of plaintiff's arrest) and December 8, 2008 (the date of his release). (*See* Def.'s Decl. Supp. Mot. Dismiss, Ex. D; Compl. at 5.) Because plaintiff filed the instant § 1983 action less than three years later, it is not time-barred. *See Lynch*, 2009 WL 3287965, at *2.

    2.  **False Arrest Claim**

In New York, intentional torts, including false arrest, are governed by a one year statute of limitations. *Rosado v. City of New York*, 713 F. Supp. 124, 125 (S.D.N.Y. 1989) (citing N.Y.C.P.L.R. § 215(3) (McKinney 1972)); *Gallagher v. Directors Guild of Am., Inc.*, 144 A.D.2d 261, 262 (1st Dep't 1988). A recent United States Supreme Court case, *Wallace v. Kato*, 549 U.S. 384 (2007), addressed the issue of when such an action accrues. Distinguishing a false arrest claim from a claim for malicious prosecution, the Court held that the former accrues when the plaintiff "becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Here, the

detention that forms the basis of plaintiff's claim occurred on September 5, 2008, when plaintiff was arrested pursuant to a warrant issued for his alleged violation of PRS. (Compl. at 5.) As plaintiff filed the instant action in April 2009, less than one year after that date, the court finds that the state law false arrest claim is not time barred. *See Rosado*, 713 F. Supp. at 125.

### C. Defendants' Qualified Immunity

Qualified immunity is an affirmative defense that a defendant has the burden of pleading. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). It may be raised on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Qualified immunity protects government officials from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that qualified immunity is not merely immunity from damages, but also "immunity from suit").

When defendants invoke qualified immunity against charges that they violated another's constitutional rights, the court considers the defense in three steps. *See Harhay v. Town of Ellington Bd. Of Educ.*, 323 F.3d 206, 211 (2d Cir. 2003). "Defendants may benefit from qualified immunity if plaintiff is unable to establish any of these three steps." *Id.* at 212. First, the court must decide whether the facts, when viewed in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right. *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007); *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007). If the facts could establish a violation, "the next . . . step is to ask whether the right was clearly established" in a given factual context or situation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Finally, even if the right was clearly established, a defendant could still be protected by qualified immunity if it was

objectively reasonable for him to believe that his conduct did not violate the law. *See Wilkinson v. Russell*, 182 F.3d 89, 103 (2d Cir. 1999). The immunity determination thus depends largely on whether the law was defined with reasonable clarity, or whether a reasonable defendant would have understood under existing law that the conduct was unlawful. *See Wilkinson*, 182 F.3d at 102–03.

1. **Alleged Violation of a Constitutional Right**

"The first step in [a] qualified immunity inquiry is to ascertain whether a constitutional right would have been violated were [plaintiff's] allegations established." *Harhay*, 323 F.3d at 212 (citing *Johnson v. Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 250 (2d Cir. 2001)). According to defendants, plaintiff's complaint is defeated by qualified immunity at the first level of analysis because it "does not identify any clearly established right violated" and "alleges only in general terms that the imposition of a term of PRS was in violation of . . . the . . . Constitution." (Mot. Dismiss at 6.)

The court disagrees. Plaintiff's complaint accuses defendants of "promulgat[ing], implement[ing], enforc[ing], and/or fail[ing] to rectify" the DOCS policy of administratively imposing PRS, despite the fact that *Earley* found this policy unconstitutional. (Compl. at 7.) Such actions, according to plaintiff, violate "rights guaranteed by the Fourteenth Amendment of the United States Constitution." (Compl. at 7.) While such a claim is no doubt broad, it must be read in context with plaintiff's citations to *Earley*. (*See* Compl. at 6.) In *Earley*, the Second Circuit recognized that the right in question was "based in the due process guarantees of the United States Constitution." 451 F.3d at 76 n.1. Thus, plaintiff is clearly alleging a violation of the Fourteenth Amendment's right against deprivation of liberty "without due process of law." U.S. CONST. amend. XIV, § 1; *see also McClary v. O'Hare*, 786 F.2d 83, 87 n.4 (2d Cir. 1986)

("allegations [] that . . . state actors wrongfully conspired to arrest [plaintiff] and deprive her of her liberty [] state what we consider to be the essence of a substantive due process violation."). Assuming these allegations are true, a constitutional right has clearly been violated, and qualified immunity may not be granted at this step. *See Gilles*, 511 F.3d at 244; *Harhay*, 323 F.3d at 212.

### 2. Clearly-Established Federal Right

A right is "clearly established" if "[t]he contours of the right . . . [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Normally, a controlling precedent of the [United States] Supreme Court, the particular circuit, or the highest court in the state is necessary to clearly establish federal law." SCHWARTZ & URBONYA at 146; *see also Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003). Furthermore, the rights in question must be clearly established "at the time of the conduct at issue." *Davis v. Scherer*, 468 U.S. 183, 197 (1984).

Defendants argue that because *Earley* was decided after they imposed PRS on plaintiff, the right in question was not clearly established "at the time of the conduct at issue." *Davis*, 468 U.S. at 197. This argument is unpersuasive. As discussed in Part B, *supra*, "the conduct at issue" was not the imposition of PRS, but rather plaintiff's arrest and imprisonment for a violation of that PRS, which, in turn, necessitated habeas relief. By the time these events began in September 2008, a court with the power to "clearly establish" a federal right had held that administratively-imposed PRS violated due process. The Second Circuit, which encompasses New York, ruled on June 9, 2006 that "the addition to [a] sentence by DOCS . . . is . . . contrary to clearly established federal law as determined by the United States Supreme Court." *Earley*, 451 F.3d at 76; *see also Scott*, 2009 WL 928195, at *5 ("the Second Circuit's decision in *Earley v. Murray* clearly establishes that administratively imposing PRS when a criminal defendant was not sentenced to

PRS by a judge violates the Due Process Clause."). Plaintiff was arrested pursuant to an alleged PRS violation over two years later, in September 2008. (Compl. at 5.) Because there existed at that point a ruling from the "particular circuit," defendants cannot argue that the federal right at issue was not sufficiently clear at the time of their alleged conduct, and their qualified immunity argument must fail at this step. SCHWARTZ & URBONYA at 146; *see Anderson*, 483 U.S. at 640.

### 3. Objective Reasonableness of Defendants' Conduct

"Even if the right at issue was clearly established . . . an officer is still entitled to qualified immunity if officers of reasonable competence could disagree on the legality of the action at issue in its particular factual context." *Walcyzk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) (citations and internal quotations omitted). In other words, a defendant is permitted to have made a reasonable mistake about the state of the law and still be entitled to qualified immunity. *See Saucier*, 533 U.S. at 205.

Defendants note that "until June 30, 2008, Penal Law § 70.45(1) provided that 'each determinate sentence also *includes, as a part thereof*, an additional period of PRS.'" (Mot. Dismiss at 14–15.) Defendants then cite numerous Appellate Division cases upholding both this statute in particular and the administrative imposition of PRS in general. (*Id.* at 15–17.) Because they therefore relied on a "presumptively valid state statute," defendants argue, their actions were objectively reasonable. (*See id.* at 14 (citing *Vives v. City of New York*, 405 F.3d 115, 117 (2d Cir. 2005).) Defendants further attempt to establish objective reasonableness by noting that the Court of Appeals described the administrative imposition of PRS as a mere "procedural error." (*Id.* at 17 (citing *Sparber*, 10 N.Y.3d at 471).)

None of these arguments are persuasive. A presumptively valid state statute only provides immunity "until and unless the statute is declared unconstitutional." *Vives*, 405 F.3d at

10

117. As previously discussed, *Earley* unquestionably declared the administrative imposition of PRS to be unconstitutional in 2006. *See* 451 F.3d at 76; *Scott*, 2009 WL 928195, at *5. Defendants' Appellate Division citations do not help them, as all predate the *Earley* decision. Finally, labeling the administrative imposition of PRS a "procedural error" changes nothing, as procedural or otherwise, plaintiff's allegations sound in due process. *See McClary*, 786 F.2d at 87 n.4. Even assuming, *arguendo*, that *Earley* was not clear enough to make administrative imposition of PRS objectively unreasonable, defendants fail to explain why they ignored the holdings of *Sparber* and *Garner*, which predated plaintiff's arrest by over four months. *See generally* 10 N.Y.3d 457; 10 N.Y.3d 358. The remedy established by the Court of Appeals in those cases, and codified in Correction Law § 601-d (effective June 30, 2008, over two months before plaintiff's arrest), called for persons in plaintiff's position to be resentenced. A reasonably competent official would not have taken this as a mandate for arrest and imprisonment. Instead, plaintiff should have promptly been brought before the court for resentencing. Defendants' qualified immunity argument thus fails again at the third and final step of the analysis.

In sum, the court finds that by September 2008, the right in question was defined with reasonable clarity, and further, a reasonable defendant should have understood by this date that plaintiff should not be arrested for a PRS violation without first having been brought before the court for resentencing. *See Wilkinson*, 182 F.3d at 102–03. Accordingly, the court rejects defendants' qualified immunity defense.

### D. Failure to State a Claim

"In deciding a motion to dismiss . . . for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the allegations in the []claim as true and draw all reasonable inferences in the []plaintiff's favor." *Mercer Capital, Ltd. v. U.S.*

*Dry Cleaning Corp.*, 2009 WL 2163598, at *3 (S.D.N.Y. July 21, 2009) (citations omitted). "To survive a motion to dismiss, [the claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (citations and internal quotations omitted).

A claim cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the claim are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted). The Second Circuit has interpreted the foregoing language to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007). Recently, this standard was clarified by the United States Supreme Court, which stated that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (citations and internal quotations omitted).

### 1. State Law False Arrest Claim

Under New York law, the elements of a false arrest claim are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Only the final element is at issue here, and with respect to it, "privilege . . . arise[s] . . . when the confinement is based on an arrest

warrant, valid on its face, issued by a court having jurisdiction." *Saunsen v. State*, 81 A.D.2d 252, 253 (2d Dep't 1981) (citation omitted). Furthermore, "[a]n arrest based on a facially valid warrant, which results in an unlawful detention, does not give rise to an action for false arrest even though the warrant was erroneously or improperly issued." *Id.* (citing *People v. Briggs*, 19 N.Y.2d 37, 43 (1966)); *see also Nazario*, 24 Misc. 3d at 449 ("Importantly, the confinement is no less privileged where a defendant has been successful in procuring his release from prison in a habeas corpus proceeding.").

Here, plaintiff concedes that his September 2008 arrest was pursuant to a warrant issued as a result of his alleged PRS violation. (Compl. at 5.) Plaintiff does not contend that this warrant was facially invalid. He alleges only that defendants were not privileged to arrest him because they lacked the power to impose PRS in the first place. (*See* Pl.'s Dec. Opp. Mot. at 10.) In *Nazario*, a plaintiff who had likewise been arrested for a violation of his impermissibly-imposed PRS, and freed pursuant to a habeas writ, made this very argument in a false arrest action. This court adopts the *Nazario* court's reasoning in rejecting this argument. *See* 24 Misc. 3d at 449. Plaintiff's "formulaic recitation of the elements" of a false arrest claim are insufficient to survive the instant motion, and the claim is therefore dismissed with prejudice. *See Twombly*, 550 U.S. at 555–56.

### 2. Section 1983 Claim

Section 1983 provides a cause of action to those wronged by a "misuse of state power . . . made possible . . . because the wrongdoer is clothed with the authority of state law." *United States v. Giordano*, 442 F.3d 30, 42–43 (2d Cir. 2006) (citations and internal quotations omitted). "To state a claim against an individual under Section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law,

and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Meyer v. William Floyd Union Free School Dist.*, 2009 WL 3327208, at *4 (E.D.N.Y. Sept. 30, 2009) (citations and internal quotations omitted); *see also Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).

Additionally, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Shomo*, 579 F.3d at 184. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority,'" but instead must have been "personally involved in the alleged deprivation." *Willey v. Kirkpatrick*, 2009 WL 3300263, at *3 (W.D.N.Y. Oct. 13, 2008) (citing *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996)). The Second Circuit has held that personal involvement may be established by a showing of any of the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Here, two of the named defendants were not "clothed with the authority of state law" at the time of plaintiff's alleged § 1983 injury. Defendant Lucien J. LaClaire, Jr. was Acting Commissioner of the DOCS from August 30 to December 31, 2006. (Compl. at 3.) Defendant Glenn S. Goord was the Commissioner of the DOCS from 1996 until August 30, 2006. (*Id.* at 4.) Thus, neither had the ability to "misuse state power" in 2008, during the events which gave rise to plaintiff's § 1983 claim. Indeed, it would be incongruous to apply that date for the purpose of establishing the timeliness of this claim, and not for the purposes of Fed. R. Civ. P. 12(b)(6).

Therefore, the court finds that plaintiff fails to state a § 1983 claim with respect to defendants LaClaire and Goord.

Defendants Brian Fischer and Anthony J. Annucci, in contrast, are currently the Commissioner and Deputy Commissioner, respectively, of the DOCS, and held those positions in 2008. (Compl. at 3.) Plaintiff has alleged that both were "policy-maker[s] with respect to DOCS's decisions to administratively impose PRS," and that they are "responsible for enforcing the rules of DOCS, and for ensuring that DOCS personnel obey the Constitution and the laws of the United States." (Compl. at 3.) Such an allegation is sufficient to establish, for 12(b)(6) purposes, that "the challenged conduct was attributable . . . at least in part to a person acting under color of state law." *See Meyer*, 2009 WL 3327208, at *4.

Plaintiff further alleges that Fischer, Annucci, and the unnamed defendants have "promulgated, implemented, enforced, and/or failed to rectify a policy, practice, and custom mandating the administrative imposition and enforcement of PRS on persons without authorization from a sentencing court." (*Id.* at 7.) Given that plaintiff was unquestionably imprisoned after administrative imposition of PRS was struck down, these allegations certainly permit the court to infer that he was "deprived . . . of a right . . . secured by the Constitution or laws of the United States." *Meyer*, 2009 WL 3327208, at *4; *see Earley*, 451 F.3d at 76; *Scott*, 2009 WL 928195, at *5. The same allegations also sufficiently plead personal involvement of these defendants. *See Colon*, 58 F.3d at 873 (holding that personal involvement can be established by a showing that defendant allowed the continuance of an unconstitutional policy).

Accordingly, with respect to defendants Fischer, Annucci, and the unnamed DOCS defendants, the court finds that plaintiff's § 1983 claim "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at

15

1949.

### III. Conclusion

For the foregoing reasons, the motion to dismiss pursuant to Rule 12(b)(1) is granted as to the claims against all defendants in their official capacities, but denied as to claims against the defendants in their individual capacities. The 12(b)(6) motion is granted as to plaintiff's state law false arrest claim in its entirety. The 12(b)(6) motion is also granted as to the § 1983 claim with respect to Defendants LeClaire and Goord, who are dismissed from this action with prejudice. The 12(b)(6) motion is denied, however, with respect to the § 1983 claim against the remaining defendants. The parties shall proceed with discovery under the supervision of the Honorable Robert M. Levy, United States Magistrate Judge.

SO ORDERED.

Dated: Brooklyn, New York
       November 18, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge