UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

OMAR SANTIAGO,

       Plaintiff,      **MEMORANDUM & ORDER**
                  09-CV-1383 (MKB) (ST)
   v.

BRIAN FISCHER, ANTHONY J. ANNUCCI, and
JOHN AND JANE DOES 1–50

       Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Omar Santiago commenced the above-captioned action on April 2, 2009, against Defendants Brian Fischer, Anthony J. Annucci, Lucien J. Leclaire, Jr., Glenn S. Goord and John and Jane Does 1–50, of the New York Department of Correctional Services ("DOCS"), in their official and individual capacities, alleging that he was subjected to a term of post-release supervision ("PRS") in violation of state and federal law.[1] (*See* Compl., Docket Entry No. 1.) Plaintiff asserts a claim under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment due process rights, as well as a claim under New York state law for false arrest. (*Id.* ¶¶ 28–40.) On October 10, 2016, Plaintiff moved to amend the Complaint to add as defendants Robert J. Dennison, the former New York Division of Parole ("DOP") Chair and Chief Executive Officer, George B. Alexander, the former DOP Chair and Chief Executive Officer, Terrence Tracy, the former DOP Chief Counsel, and John and Jane Does 51–100, who include supervisory, training

---

[1] Between July 30, 2012 and September 10, 2016, Plaintiff proceeded *pro se* in this action.

and policy personnel at DOP.[2] (Pl. Mot. to Amend ("Pl. Mot."), Docket Entry No. 39; Pl. Mem. in Supp. of Pl. Mot. ("Pl. Mem."), Docket Entry No. 39-2.)

By report and recommendation dated June 7, 2017 (the "R&R"), Magistrate Judge Steven Tiscione recommended that the Court grant Plaintiff leave to assert a section 1983 claim against Tracy and deny Plaintiff leave to assert a section 1983 claim against the remaining proposed defendants. (R&R 17, Docket Entry No. 57.) Defendants objected to the portion of the R&R recommending amendment, (Defs. Obj. to R&R ("Defs. Obj."), Docket Entry No. 67), and Plaintiff replied to Defendants' objection. (Pl. Reply to Defs. Obj. to R&R ("Pl. Reply"), Docket Entry No. 70.) For the reasons discussed below, the Court adopts the R&R in its entirety and grants Plaintiff thirty days to file an amended complaint, naming Tracy as a defendant.

I.      Background

The Court assumes the parties' familiarity with the facts and procedural history of the case as set forth in the Court's Memorandum and Order dated March 21, 2016. *See Santiago v. Fischer*, No. 09-CV-1383, 2016 WL 1118448, at *1–2 (E.D.N.Y. Mar. 21, 2016). The Court provides only a summary of the relevant facts below.

   a.   Factual background

Plaintiff challenges a five-year term of PRS that DOCS imposed on Plaintiff after he completed a three-year sentence for a second-degree assault conviction. (*See* Compl. ¶ 16.) On June 9, 2006, two years into Plaintiff's PRS term, the Second Circuit held that DOCS' administrative imposition of PRS terms violates due process in cases where the sentencing judge

---

[2] Since the commencement of this action, DOCS and DOP have merged to form a new entity, the Department of Corrections and Community Supervision ("DOCCS"). (*See* Decl. in Supp. of Pl. Mot., Docket Entry No. 39-1; *see also* Defs. Suppl. Mem. dated Mar. 20, 2017, Docket Entry No. 55.)

2

does not impose a PRS term. *See Earley v. Murray*, 451 F.3d 71, 75–76 (2d Cir. 2006). As a result, any sentence that was imposed by DOCS in addition to that of the sentencing judge "was unlawful." *Id.* at 75.

Despite the *Earley* ruling in 2006, Plaintiff's PRS term remained in effect. (*See* Compl. ¶ 17.) Plaintiff was twice re-incarcerated in 2008 for violating the terms of his PRS. (*Id.* ¶¶ 17–18.) During his second re-incarceration, Plaintiff prevailed on a habeas petition and was released on December 8, 2008. (*Id.* ¶¶ 18–19.) Plaintiff subsequently commenced this action.

**b. Procedural background**

The Complaint initially named as Defendants Brian Fischer, the former DOCS Commissioner, Anthony J. Annucci, the former DOCS Deputy Commissioner and Counsel, Lucien J. Leclaire, Jr., the former DOCS Acting Commissioner, Glenn S. Goord, the former DOCS Commissioner, and John and Jane Does 1–50, who are allegedly DOCS supervisory, training and policymaking personnel. (*Id.* ¶¶ 10–14.) On June 11, 2009, Defendants moved to dismiss Plaintiff's claims. (Defs. Mot. to Dismiss, Docket Entry No. 5.) On November 18, 2009, the Honorable Dora Irizarry granted in part and denied in part Defendants' motion. *See Santiago v. Fischer*, No. 09-CV-1383, 2009 WL 3852001, at *9 (E.D.N.Y. Nov. 18, 2009). Judge Irizarry dismissed Plaintiff's state law false arrest claim, and dismissed Plaintiff's section 1983 claim against Leclaire and Goord, and terminated Leclaire and Goord from the action.[3] *See id*.

On November 10, 2014, Defendants moved for judgment on the pleadings. (Defs. Mot. for J. on the Pleadings, Docket Entry No. 27.) On March 21, 2016, the Court granted in part and

---

[3] The case was reassigned to the undersigned on March 26, 2012.

denied in part Defendants' motion. *See Santiago*, 2016 WL 1118448, at *1. The Court granted the motion with respect to any alleged conduct that predated the Second Circuit's decision in *Earley*, and denied the motion with respect to any alleged conduct that occurred after *Earley*. *See id.* at *8. On October 10, 2016, Plaintiff moved to amend the Complaint to add as defendants Dennison, Alexander, Tracy and John and Jane Does 51–100. (Pl. Mot.)

Judge Tiscione recommended that the Court allow Plaintiff to amend the Complaint to add Tracy as a defendant and assert a section 1983 due process claim against him. (R&R 17.) Although the statute of limitations for Plaintiff's claim against Tracy has run, Judge Tiscione concluded that the claim would be timely pursuant to the tolling doctrine set forth in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), and their progeny.[4] (R&R 5–11.) Judge Tiscione found that, as noted by Judge Irizarry, Plaintiff's claim accrued "sometime between September 5, 2008 (the date of plaintiff's arrest) and December 8, 2008 (the date of his release)." (*Id.* at 5–6) (quoting *Santiago*, 2009 WL 3852001, at *3 (E.D.N.Y. Nov. 18, 2009)); *see also Scott v. Fischer*, No. 07-CV-11303, 2009 WL 928195, at *4 (S.D.N.Y. Mar. 30, 2009), *aff'd*, 616 F.3d 100 (2d Cir. 2010). Applying the tolling doctrine, Judge Tiscione found that the limitations period for Plaintiff's claim ran from the date of accrual, and was tolled on May 11, 2011, the filing date of *Betances v. Fischer*, No. 11-CV-3200 (S.D.N.Y. filed May 11, 2011), a class action of which Plaintiff is a class member. (*See* R&R 5–6.) Judge Tiscione also found that tolling continued through January 28, 2015, the date that class certification was granted in *Betances*, and has remained

---

[4] To determine the statute of limitations for a claim under section 1983, courts apply the "general or residual state statute of limitations for personal injury actions," which in this case is three years from the occurrence of the allegedly unconstitutional conduct. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (alterations and citations omitted).

4

tolled for the pendency of that action. (*Id.* at 6–11.) However, Judge Tiscione found that as to Plaintiff's claim against Dennison, Alexander and John and Jane Does 51–100, any tolling would have ended on August 6, 2015 at the latest, when the remaining DOP defendants in *Betances* were dismissed. (*Id.* at 11–17.) Thus, Judge Tiscione found that Plaintiff's claim against Dennison, Alexander and John and Jane Does 51–100 would be time-barred. (*Id.*)

## II. Discussion

### a. Standards of review

#### i. Report and Recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

#### ii. Rule 15

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to

amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283. If the proposed claim would be time-barred under the applicable limitations period, the amendment is futile. *See Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*, 666 F. App'x 14, 17 (2d Cir. 2016)). In considering whether a proposed amendment would be time-barred and thus futile, "the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017) (citing *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000)).

  **b. Unopposed recommendations**

Plaintiff does not object to Judge Tiscione's recommendations that the Court deny his motion to amend the Complaint to add Dennison, Alexander and John and Jane Does 51–100 as defendants. (R&R 17; Pl. Reply 2 n.2.)

The Court has reviewed the unopposed portions of the R&R and, finding no clear error, the Court adopts those recommendations pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Plaintiff's motion to amend the Complaint to add Dennison, Alexander and John

6

and Jane Does 51–100 as defendants.

### c. Defendants' objection to the R&R and Plaintiff's reply

Defendants object to Judge Tiscione's recommendation that the Court grant Plaintiff leave to amend the Complaint to add Tracy as a defendant. (Defs. Obj. 4–10.) Defendants argue that tolling under *American Pipe*: (1) does not extend beyond the point at which class certification is granted; and (2) should not be extended because Plaintiff has disavowed his membership in *Betances* by pursuing his own action and by failing to "indicate[] an interest in participating in" *Betances*. (Defs. Obj. 5–9.) In response, Plaintiff argues that: (1) *American Pipe* tolling extends beyond the point at which class certification is granted; and (2) the pursuit of Plaintiff's individual action and his purported lack of interest in participating in *Betances* does not disturb the extent of *American Pipe* tolling. (Pl. Reply 2–5.) For the reasons discussed below, the Court adopts Judge Tiscione's recommendations in their entirety.

### d. Timeliness of Plaintiff's claim against Tracy

As noted above, the timeliness of Plaintiff's claim against Tracy depends on the applicability and extent of tolling under *American Pipe*. Plaintiff's claim accrued "sometime between September 5, 2008 (the date of plaintiff's arrest) and December 8, 2008 (the date of his release)." *Santiago*, 2009 WL 3852001, at *3. At that point, the limitations period for Plaintiff's claim began to run, and Plaintiff did not file a motion to amend until October 10, 2016, approximately eight years later. (Pl. Mot.) Therefore, without tolling, Plaintiff's claim is untimely.

The Court must first determine whether Plaintiff's claim against Tracy was tolled by the filing of *Betances*, which was filed in May of 2011, approximately thirty to thirty-three months after Plaintiff's claim accrued. If the *American Pipe* rule applies, then *Betances* tolled the limitations period for Plaintiff's claim against Tracy in May of 2011.

7

However, even if *Betances* tolled the limitations period for Plaintiff's claim against Tracy, whether Plaintiff's claim is timely also depends on the extent of such tolling. The parties disagree as to whether Plaintiff's claim against Tracy remained tolled after January of 2015, when class certification was granted in *Betances*. If tolling ended in January of 2015, Plaintiff's claim against Tracy is time-barred because it was asserted after approximately fifty-one to fifty-four months of untolled time had elapsed. If, however, Plaintiff's claim remained tolled beyond class certification and tolling continues to the present, Plaintiff's claim is timely.

### i. *American Pipe* tolling doctrine

In *American Pipe*, the Supreme Court held that the commencement of a class action tolls the statute of limitations for the claims of all potential members of the class. *See American Pipe*, 414 U.S. at 550–54. *American Pipe* involved a putative class action suit brought by the state of Utah, on behalf of a class consisting of "public bodies and agencies" within the state, for antitrust violations in connection with the purchase and sale of steel and concrete pipe. *Id.* at 540–41. The suit was filed eleven days before the statute of limitations governing antitrust civil suits was set to expire. *Id.* at 541–42. Approximately six months later, the district court ordered that the suit could not be maintained as a class action. *Id.* at 542–43. Eight days after the entry of that order, various towns, municipalities and water districts within the state of Utah, all of which had been members of the original class, filed motions to intervene as plaintiffs. *Id.* at 543–44. The district court denied the motions as time-barred. *Id* at 544. The court of appeals affirmed as to the denial of leave to intervene as of right, but reversed as to the movants' requests to intervene by permission. *Id.* 544–45.

The Supreme Court affirmed the decision permitting intervention, holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted

members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. The Supreme Court noted that the 1966 amendments to Rule 23 of the Federal Rules of Civil Procedure changed the character of class actions from "an invitation to joinder" to "a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *Id.* at 550. The Supreme Court found that members of the putative class "stood as parties to the suit" — and should thus receive the benefit of tolling as to their individual claims — "until and unless they received notice thereof and chose not to continue." *Id.* at 550–51. The Supreme Court concluded that, were it to hold otherwise, putative class members would be forced to file motions to join or intervene simply to ensure their ability to share in any final judgment, a result that would "breed needless duplication of motions" and frustrate the goals of "efficiency and economy" that Rule 23 was designed to promote. *Id.* at 553–54.

In *Crown, Cork & Seal*, 462 U.S. at 345, the Supreme Court clarified that the rule in *American Pipe* "applies not only to putative class members who seek to intervene in an action [where class certification has been denied], but also to would-be class members who later file their own independent actions." *Police and Ret. Firefighter Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 105 (2d Cir. 2013) (citing *Crown, Cork & Seal*, 462 U.S. at 353–54).

### ii. Plaintiff's claim against Tracy was tolled with the filing of the *Betances* class action

Because Plaintiff is a class member in *Betances*, Plaintiff's claim against Tracy was tolled when that action was filed on May 11, 2011. As Judge Tiscione notes in the R&R, the *American Pipe* doctrine tolls an individual plaintiff's claim if the individual plaintiff is a member of the putative class, and if the individual plaintiff's claim was timely when the putative class action was filed. (R&R 6–7); *see also American Pipe*, 414 U.S. at 551; *Crown, Cork & Seal*,

9

462 U.S. at 353–54.  The Second Circuit and district courts within this Circuit also require that the defendant against whom the individual plaintiff asserts his claim have been a named defendant in the class action.  *See Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977) (holding that "nothing in *American Pipe* suggests that the statute [of limitations] be suspended from running in favor of a person not named as a defendant in the class suit, and we decline so to extend the rule") *overruled on other grounds*, *In re WorldCom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007); *see also Footbridge Ltd. Tr. v. Countrywide Fin. Corp.*, 770 F. Supp. 2d 618, 624 n.1 (S.D.N.Y. 2011); *Boyd v. J.E. Robert Co., Inc.*, No. 05-CV-2455, 2008 WL 4415253, at *5 (E.D.N.Y. Sept. 24, 2008); *Earl v. Novartis Consumer Health, Inc.*, No. 07-CV-9595, 2008 WL 4274468, at *4 (S.D.N.Y. Sept. 12, 2008).

Plaintiff's claim against Tracy was tolled under *American Pipe* because Plaintiff is a member of the *Betances* class and Tracy was a named defendant in the *Betances* action.  The *Betances* class that was certified on January 28, 2015 includes persons who were subject to PRS terms unilaterally imposed by DOCS after *Earley* was decided, a class that includes Plaintiff.  *See Betances v. Fischer*, 304 F.R.D. 416, 421–32 (S.D.N.Y. 2015).  Furthermore, Plaintiff seeks to assert a section 1983 claim against Tracy, who is named as a defendant in *Betances*.  *See Betances v. Fischer*, 144 F. Supp. 3d 441, 453 (S.D.N.Y. 2015).  Therefore, Plaintiff's section 1983 claim against Tracy was tolled under *American Pipe* when *Betances* was filed on May 11, 2011.

### iii. Plaintiff's claim against Tracy is timely

Defendants argue that even if the limitations period for Plaintiff's claim against Tracy was tolled with the filing of *Betances*, tolling ended in January of 2015 when class certification

was granted in that case.[5] (Defs. Obj. 5–7.) According to Defendants, tolling under *American Pipe* does not "as a matter of law and policy" extend beyond class certification, because "the purpose of the tolling doctrine suggests that a decision granting class certification should mark the time that the tolling of the statute of limitations would cease." (Defs. Obj. 5, 7.) Plaintiff argues that controlling law dictates that tolling under *American Pipe* continues after a class is certified and does not end until a plaintiff opts out of the class. (Pl. Reply 2–3.)

### 1. Tolling under *American Pipe* extends beyond class certification

While the Supreme Court and Second Circuit have not squarely addressed whether tolling under *American Pipe* continues beyond the point of class certification,[6] both the language of

---

[5] Contrary to Plaintiff's assertions, Defendants have not waived this argument by failing to raise it before Judge Tiscione. (Pl. Reply 3.) In their supplemental briefing, Defendants argued that "*American Pipe* does not apply to suspend the running of the statute of limitations beyond the time that a decision on class certification is made." (Defs. Suppl. Mem. 2, Docket Entry No. 55; *see also* Defs. Suppl. Mem. 3 ("Plaintiff did not assert his claims against . . . Tracy, within the six or seven months after the motion on class certification in *Betances* was decided . . . and therefore, his claims – even against Defendant Tracy – are now, [twenty-six] months after the class was certified, almost [twenty] months late.").) Furthermore, Plaintiff acknowledged Defendants' argument in his response. (*See* Pl. Suppl. Mem. 1, Docket Entry No. 56 (Defendants argue "that *American Pipe* tolling applies only until a decision on class certification is made, whether or not it is granted or denied.").)

[6] The Second Circuit has noted in dicta that while its prior decisions do not "directly address[] the precise scope of *American Pipe* tolling, their language does not lend itself to a conclusion that tolling extends beyond the initial determination of class status in the district court." *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 116 (2d Cir. 2013). While this observation appears to suggest that tolling ends after "the initial determination of class status" regardless of whether class certification is granted or denied, the Court finds that the holdings of *Giovanniello* and the Second Circuit decisions cited therein do not stand for the proposition that tolling under *American Pipe* should end when class certification is granted. *See id.* (holding that tolling of individual claims under *American Pipe* does not extend beyond a denial of class certification); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007) (holding that tolling under *American Pipe* extends to individual claims brought before a determination as to class certification is made); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (holding that tolling under *American Pipe* does not apply to plaintiffs who were not members of the class action which allegedly tolled their claims).

11

Supreme Court and Second Circuit decisions, and the rationale underlying the *American Pipe* rule suggest that tolling continues after class certification is granted. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 176 n.13 (1974); *In re WorldCom*, 496 F.3d at 252.

*Eisen*, decided the same year as *American Pipe*, provides some insight into the scope of tolling intended by the Supreme Court under *American Pipe*. *Eisen* focused largely on a separate issue, namely, the requirements of notice under Rule 23 of the Federal Rules of Civil Procedure. *Eisen*, 417 U.S. at 165–79. While certification of the class in that action had not been resolved by the lower courts at the time the Supreme Court issued its decision, *id.* at 164, the Supreme Court held that, were a class to be certified, individual notice to "each class member who can be identified through reasonable effort" was required. *Id.* at 176. The Supreme Court then addressed the petitioner's argument that such notice was unnecessary, because, even upon receipt of notice, "class members [would] not opt out because the statute of limitations [had] long since run out on the claims of all class members other than [the] petitioner." *Id.* at 176 n.13.

The Supreme Court rejected the petitioner's argument, noting that it had been "disposed of by our recent decision in *American Pipe* . . . , which established that commencement of a class action tolls the applicable statute of limitations as to all members of the class." *Id.* (citing *American Pipe*, 414 U.S. at 538). The Supreme Court's response to the petitioner's argument in *Eisen* contemplates that tolling under *American Pipe* extends beyond the point of class certification, through the period where notice is disseminated. This interpretation appears consistent with the Second Circuit's decision in *In re WorldCom*, which observed that the Supreme Court's dicta in *Eisen* "extended its ruling [in *American Pipe*] to class members who opted out *after* the certification motion was granted . . . ." *In re WorldCom*, 496 F.3d at 250 (emphasis added); *see also id.* at 253 (noting that, in *Eisen*, the Supreme Court observed that "the

claims of class members *who opted out* would not be time-barred, because the statute of limitations on those claims was tolled by the filing of the class action" (emphasis added)); *id.* at 255 ("The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action '*until and unless they received notice thereof and chose not to continue*.'" (quoting *American Pipe*, 414 U.S. at 551) (emphasis added)).

Moreover, while courts have reached varying conclusions, several Circuit Courts of Appeals and district courts have explicitly noted that tolling under *American Pipe* continues after a class has been certified. *See, e.g., Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 (1st Cir. 2004) (observing in dicta the "consistent line of federal circuit court cases holding that the *American Pipe* tolling doctrine applies to plaintiffs who opt out of a class action in federal district court"); *Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999) (holding that, based on the rationale of *American Pipe*, the plaintiffs' decision to "opt out of a certified class" rather than file a claim after "the denial of class certification is irrelevant to the applicability of the *American Pipe* tolling rule"); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) ("when certification has been granted, the statute [of limitations] begins running anew from the date when the class member exercises the right to opt out" (citation omitted)); *Brewton v. City of Harvey*, 285 F. Supp. 2d 1121, 1126 (N.D. Ill. 2003) ("Although a class was certified and defendants successfully defeated [certain claims], the limitations periods for class members' individual claims . . . were tolled until the final adverse determination of the class claims" (citation omitted)).

Furthermore, the rationale underlying the Supreme Court's decision in *American Pipe* does not militate in favor of ending tolling when a class is certified. As the Second Circuit noted, "the *American Pipe* tolling doctrine was created to protect class members from being

13

forced to file individual suits in order to preserve their claims." *In re WorldCom*, 496 F.3d at 255 (alteration omitted); *see also Leyse v. Bank of Am., Nat'l Ass'n*, 538 F. App'x 156, 161 (3d Cir. 2013) (looking to the "driving rationale" of *American Pipe* in holding that individual claims are tolled by a class action in which the issue of certification was never determined, because "[i]f the claims of unnamed plaintiffs were not tolled, claimants would have an incentive to file claims themselves to protect their causes of action, 'precisely the multiplicity of activity which Rule 23 was designed to avoid'" (quoting *American Pipe*, 414 U.S. at 551)). The result the Supreme Court sought to avoid in *American Pipe* would be undermined if the limitations period for a plaintiff's claim began to run again once class certification was granted. Class members whose claims would expire between the period after class certification and before the resolution of the action would be forced to file individual suits in order to preserve their claims in the event of a class resolution they found undesirable. *See Prieto v. John Hancock Mut. Life. Ins. Co.*, 132 F. Supp. 2d 506, 520 (N.D. Tex. 2001) (finding that the objective of deterring individual protective suits "equally supports tolling for those who would have to anticipate whether the result obtained in the class action suit/settlement would be adequate"), *abrogated on other grounds by Newby v. Enron Corp.*, 542 F.3d 463 (5th Cir. 2008).

Defendants further argue that:

> [c]lass actions can be pending for years, and an indefinite tolling, until, for example, notice of a settlement and opportunity to opt out, would subject additional defendants to the threat of being added to a pending or competing case at any time, and prevent defendants from being able to rely on the defined contours of the case.

(Defs. Obj. 6.) Defendants' argument misunderstands the notice function that statutes of limitations serve in class actions. As the Second Circuit noted in *In re WorldCom*:

> [i]t would not undermine the purposes of statutes of limitations to give the benefit of tolling to all those who are asserted to be members of the class for as long as the class action purports to assert

14

> their claims. As the Supreme Court has repeatedly emphasized, the
> initiation of a class action puts the defendants on notice of the claims
> against them.

*In re WorldCom*, 496 F.3d at 255 (citing *American Pipe*, 414 U.S. at 554–55). Because the class action itself serves to put defendants on notice, "not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment," *American Pipe*, 414 U.S. at 555, Defendants' argument that the prolonged nature of a class action would undermine the provision of notice to a defendant is unavailing.

Defendants' citations to the Supreme Court's decision in *California Public Employees Retirement Systems v. ANZ Securities, Inc.*, 582 U.S. ---, ---, 137 S. Ct. 2042, 2051 (June 26, 2017), also fail to support their arguments. In *ANZ Securities*, the Supreme Court held that tolling under *American Pipe* does not apply to claims brought under section 11 of the Securities Act of 1933, which are governed by the limitations period set forth in section 13 of the Securities Act of 1933. *Id.* at 2045. However, the Supreme Court explicitly distinguished that ruling from *American Pipe*, holding that Congress clearly intended that section 13 function as a statute of repose, and that, "[c]onsistent with the different purposes embodied in statutes of limitations and statutes of repose, it is reasonable that the former may be tolled by equitable considerations even though the latter in most circumstances may not." *Id.* at 2053; *see also SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Co. L.L.C.*, 829 F.3d 173, 177 (2d Cir. 2016) (holding that tolling under *American Pipe* does not apply to a five-year statute of repose).

### 2. Plaintiff's claim is tolled

Defendants argue that, "even if [Plaintiff] could avail himself of *American Pipe* tolling through this date, his conduct of his own individual action constitutes his disavowal of class membership," and therefore Plaintiff should not be permitted to continue to take advantage of

tolling. (Defs. Obj. 7–10.) Defendants also point to evidence in the record suggesting that Plaintiff "never indicated an interest in participating in the class action or in anything other than prosecuting his own action."[7] (Defs. Obj. 9.)

With regard to Defendants' argument that pursuit of an individual action should at some point disqualify a plaintiff from the benefit of tolling under *American Pipe*, the Second Circuit has expressly held that such tolling applies to individual actions filed before a decision on class certification is made. *See In re WorldCom*, 496 F.3d at 247. While *In re WorldCom* did not explicitly address whether tolling should end at some point after class certification, its holding does not suggest any such limitation; indeed, as noted above, *In re WorldCom's* references to *Eisen* and *American Pipe* suggest that tolling continues until a plaintiff opts out of the class. *See id.* at 250, 253, 255.

With regard to Defendants' argument that Plaintiff's claim against Tracy does not remain tolled because Plaintiff has never "indicate[d] an interest" in joining *Betances*, Defendants point to numerous court conferences in this case that took place between 2012 and 2014, which contain numerous references to, and updates regarding, the status of *Betances* and other related actions. (*See* Trs. of Proceedings, Docket Entry Nos. 59–65.) Defendants argue that this evidence suggests that Plaintiff "did not intend to rely on *Betances* to protect his rights" and "should not be permitted to gain litigation advantage in this Court because of an action pending

---

[7] Plaintiff argues that the Court should not consider the additional transcripts in the record cited by Defendants in support of this argument, because, while Defendants previously raised this argument, these particular transcripts were not raised before Judge Tiscione. (Pl. Reply 4.) The Court exercises its discretion in considering the transcripts, and, for the reasons noted, concludes that they are legally insufficient to end tolling under *American Pipe*. *See Amadasu v. Ngati*, No. 05-CV-2585, 2012 WL 3930386, at *4 (E.D.N.Y. Sept. 9, 2012) ("A district court has discretion to consider new evidence raised for the first time in an objection to a magistrate judge's R&R." (citing *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998))).

16

in another [c]ourt." (Defs. Obj. 9.)

However, Defendants cite no authority to support their argument that an individual litigant's awareness of, or lack of interest in participating in, a class action of which he is *already* a class member is sufficient to end tolling under *American Pipe*, absent an express indication that the plaintiff has opted out of the class. Plaintiff is under no burden to express interest or "opt-in" to the *Betances* class in order to receive the benefit of tolling under *American Pipe*. Such a rule would be contrary to both the structure of Rule 23 of the Federal Rules of Civil Procedure and *American Pipe* itself, where the Supreme Court noted that tolling applied even to the claims of class members who were unaware of the class action's existence. *See American Pipe*, 414 U.S. at 551–52. The Supreme Court reasoned that:

> Rule 23 is not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action . . . . Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case.

*Id.* The argument that a plaintiff must actively participate or otherwise express interest in a class action in order to receive the benefit of tolling is thus inconsistent with Supreme Court precedent.

While prior district court cases have suggested that tolling is not warranted where a plaintiff maintains his own individual action and thereby indicates that he does not intend to rely on the class action to protect his rights, these cases predate the Second Circuit's decision in *In re WorldCom*. *See, e.g., Puttick v. Am. Online, Inc.*, No. 05-CV-5748, 2007 WL 1522612, at *4 (S.D.N.Y. May 23, 2007) ("The tolling rule [in *American Pipe*] simply does not permit a plaintiff to reject the class action mechanism prior to class certification so that he may expeditiously

17

pursue his claims, while relying on the class action mechanism in order to preserve the timeliness of his individual action." (internal quotation marks omitted)); *Prohaska v. Sofamor, S.N.C.*, 138 F. Supp. 2d 422, 433 (W.D.N.Y. 2001) (finding that the plaintiffs were not entitled to tolling, because the filing of their own state court action "demonstrate[d] that they were not relying on their possible participation as class members in the [class action] suit in order to find relief"). Thus, the Court declines to find that Plaintiff's lack of reliance on *Betances* in prosecuting his claim, without more, should end tolling under *American Pipe*, and instead finds that Plaintiff is entitled to tolling "until and unless [he] receive[s] notice thereof and [chooses] not to continue." *American Pipe*, 414 U.S. at 550–51.

Accordingly, because *American Pipe* tolling applies to Plaintiff's section 1983 claim against Tracy, and such tolling continues to the present, that claim is timely.

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Tiscione's R&R in its entirety and grants in part and denies in part Plaintiff's motion to amend the Complaint. Plaintiff may amend the Complaint to add Tracy as a defendant. The Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff fails to amend the Complaint within thirty (30) days, the Court will dismiss the Complaint with prejudice.

SO ORDERED:

    s/ MKB  
MARGO K. BRODIE  
United States District Judge

Dated: September 29, 2017  
      Brooklyn, New York